IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIDVALE INDEMNITY CO., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DAVID E. FALLS, )<br>)<br>    Serve at: )<br>    375 N. Emory Ave. )<br>    Elmhurst, IL 60126 )<br>)<br>and, )<br>)<br>JAMES MARTIN ASSOCIATES, INC. )<br>)<br>    Serve: )<br>    James P. Martin )<br>    182 N. Elm Ave. )<br>    Elmhurst, IL 60126 )<br>)<br>    Defendants. ) | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Midvale Indemnity Co., by and through undersigned counsel, and for its Complaint for Declaratory Judgment, states as follows:

1. This is an action seeking declaratory relief, brought pursuant to 28 U.S.C. § 2201 *et seq*.

2. The United States District Court has jurisdiction in this matter pursuant to 21 U.S.C. § 1332.

3. Plaintiff Midvale Indemnity Co. (hereinafter "Midvale") is a Wisconsin corporation with its principal place of business in Wisconsin.

4. Defendant James Martin Associates, Inc. (hereinafter "JMA") is an Illinois corporation with its principal place of business in Illinois.

5. Defendant David Falls (hereinafter "Falls") is domiciled in the State of Illinois and is, therefore, a citizen of the State of Illinois.

6. This is a declaratory judgment action seeking a declaration of Midvale's rights and obligations relative to a commercial general liability insurance policy issued Moane Enterprises, Inc. (hereinafter "Moane"), Policy No. GLP1032334 attached hereto as Exhibit A.

7. Falls has sued JMA in a premises liability claim.

8. A copy of the underlying premises liability Complaint is attached hereto as Exhibit B.

9. The reasonable value of the claim exceeds $75,000.00

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because all of the Defendants reside in the Northern District of Illinois.

11. In the underlying Complaint, Falls alleges that he slipped and fell at a premises that he contends that JMA controlled located at 1 Energy Drive, Lake Bluff, Illinois.

12. JMA contracted with the owner of the facility to provided certain snow removal services, and JMA then subcontracted this work to Moane under a "Master Independent Service Provider Agreement" (hereinafter "the Agreement"), attached hereto as Exhibit C.

13. According to JMA, this Agreement required Moane to indemnity it and provide liability insurance for JMA.

14. JMA claims that a certificate of insurance issued by the insurance agent for Moane in this matter made JMA an additional insured under the terms of the Moane policy, Policy No. GLP1032334.

15. Upon information and belief, JMA was provided a Certificate of Liability Insurance that was issued by Chang & Associates, Inc. (hereinafter "Chang") and that this Certificate of Liability Insurance suggested that JMA was an additional insured under the Midvale policy at issue. See Exhibit D attached hereto.

16. Chang had no authority to bind Midvale nor did it have any power to make any underwriting decision for Midvale.

17. The Certificate of Liability Insurance at issue contains the following disclaimer concerning coverage:

> THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OF NEGATIVELY AMEND, EXTEND OR ALTER THE COVEAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER. See Exhibit D.

18. The covering language of the Midvale policy states:

SECTION I - COVERAGES
COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   (1) The amount we will pay for damages is limited as described in Section III Limits Of Insurance; and

   (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

  b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

      (3) Prior to the policy period, no insured listed under Paragraph 1. Of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence: or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew prior to the policy period that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior the policy period. See Exhibit A.

19.     The policy defines the term insured as follows:

SECTION II WHO IS AN INSURED

1.     If you are designated in the Declarations as:

    a.     An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

    b.     A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

    c.     A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

    d.     An organization other than a partnership, joint venture or limited liability company, you are an I insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

    e.     A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees. See Exhibit A.

20. The Midvale policy only provides coverage to an insured under the liability coverages of the policy. See Exhibit A.

21. An insured for the purposes of the liability coverages is only the named insured in the declarations pages of the policy. See Exhibit A.

22. JMA is not listed in the declarations pages of the insurance policy. See Exhibit A.

23. The Midvale policy also does not have a provision which allows for additional insureds to be added by an insurance agent, and the Midvale policy does not have a specific endorsement for additional insureds naming JMA as an additional insured. See Exhibit A.

24. The Certificate of Liability Coverage is not binding and does not create coverage.

25. The Certificate specifically disclaims that the Certificate could modify any of the underlying coverages or insurance policies.

26. Chang had no authority to bind Midvale and/or any authority to make underwriting decisions for Midvale.

27. JMA has demanded a defense in the underlying Falls lawsuit from Midvale.

28. Midvale initially offered a defense under a reservation of rights under the policy.

29. However, JMA rejected the defense counsel selected for JMA by Midvale.

30. Midvale has updated its analysis to deny JMA's claim for defense and indemnity.

31. Midvale consequently filed this declaratory judgment action.

WHEREFORE Plaintiff Midvale Indemnity Co. prays that this Court enters its judgment that there is no coverage for Defendant James Martin Associates, Inc. under Policy No. GLP1032334 relative to the premises liability lawsuit filed by Defendant David Falls and that Plaintiff Midvale Indemnity Co. has no duty defend or indemnify Defendant James Martin Associates, Inc. relative to the premises liability lawsuit filed by Defendant David Falls under

Policy No. GLP1032334, and for such other and further relief as this Court deems necessary and proper under the circumstances.

                          RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION, LLC

BY: _____
       SCOTT D. BJORSETH, #29463
       107 Southpointe Drive
       Edwardsville, IL 62025
       (618) 659-0588
       (618) 465-3744 (FAX)
       sbjorseth@rssclaw.com
       **Attorneys for Plaintiff**